MASCHOFF BRENNAN GILMORE
   ISRAELSEN & MAURIEL LLP
Kirk R. Harris (UBN 10221)
   *kharris@mabr.com*
1389 Center Street, Suite 300
Park City, UT 84098
(435) 252-1360

Attorneys for BTL INDUSTRIES, INC.

### UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BTL Industries, Inc., | Case No. 2:24-cv-00643 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** |
| v. | |
| Sincoheren US, LLC, Aesthetic Revolution LLC, and David William Sorensen, | Jury Trial Demanded |
| Defendants. | |

Plaintiff BTL Industries, Inc. ("BTL") files this Complaint for patent infringement,

trademark infringement, and unfair competition against Sincoheren US, LLC ("Sincoheren"),

Aesthetic Revolution LLC ("Aesthetic"), and David William Sorensen ("Sorensen")

(collectively, "Defendants"), and alleges as follows:

### PARTIES

1.     BTL is a Delaware corporation with a principal place of business at 362 Elm

Street, Marlborough, Massachusetts 01752.

1

2.      On information and belief, Sincoheren is a Utah limited liability company with a registered mailing address at 5705 W Barn Rd Unit 3105, Herriman, UT, 84096.

3.      On information and belief, Aesthetic is a Utah limited liability company with a registered mailing address at 5705 W Barn Rd Unit 3105, Herriman, UT, 84096.

4.      On information and belief, Sorensen is an individual residing at 5705 W Barn Rd Unit 3105, Herriman, UT, 84096.

## JURISDICTION AND VENUE

5.      This action is brought by BTL arising out of Defendants' patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, Defendants' trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and Defendants' common law trademark infringement and unfair competition.

6.      This Court has subject-matter jurisdiction over BTL's claims pursuant to 35 U.S.C. § 100, *et seq.*, 15 U.S.C. §§ 1051 *et seq.* and 28 U.S.C. §§ 1331, 1332, and 1338.

7.      This Court has personal jurisdiction over Defendants because they conduct business in this District, reside in this District, have committed acts of patent and trademark infringement under 35 U.S.C. § 271(a), (b), or (c) and 15 U.S.C. § 1114 in this District, and are subject to this Court's jurisdiction under 28 U.S.C. §1400(b).

8.      Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

        (a)     Defendants have purposefully established "minimum contacts" with the State of Utah, and

        (b)     the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400(b) at least because Defendants are residents of this District, have regular and established places of business in this District, have committed acts of infringement in this District, and are subject to personal jurisdiction in this District.

## **BACKGROUND**

10.     BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates have developed proprietary technology that uses high-intensity electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL has applied this technology to develop a series of new and innovative FDA-cleared devices and protocols for use in aesthetic therapies. BTL denotes its products and services that feature this technology with its HIFEM brand along with other trademarks.

11.     The first such device that BTL developed is called the EMSCULPT device, a standalone, non-invasive, FDA-cleared aesthetic body-contouring device.

12.     BTL's EMSCULPT device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT device, no other product used high-intensity focused electromagnetic technology to tone and firm muscle for non-invasive aesthetic body contouring.

13.     The aesthetic industry has recognized BTL's innovation by praising BTL as being the first to apply high-intensity focused electromagnetic energy technology for aesthetics and lauding the EMSCULPT device as transforming treatment protocols.

14.     BTL's EMSCULPT NEO device uses high-intensity electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. The EMSCULPT NEO device is currently cleared by the FDA

as a non-invasive treatment for the abdomen, buttocks, arms, calves and thighs. BTL markets and distributes its EMSCULPT NEO device to healthcare professionals and licenses these professionals to provide treatment services using the device.

15.     The EMSCULPT NEO device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. For example, the EMSCULPT NEO device won dermascope.com's Aesthetician's Choice Award in 2022 and Glamour magazine described the device as "revolutionary."  (Exhibit A.)

**A.     The Asserted Patents**

16.     On May 2, 2017, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 9,636,519 (the "'519 patent"), entitled "Magnetic Stimulation Methods and Devices for Therapeutic Treatments." The '519 patent is attached hereto as Exhibit B. The '519 patent is exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for all past, present, or future infringement of the '519 patent, including equitable relief and damages.

17.     On November 19, 2019, the USPTO issued U.S. patent No. 10,478,634 (the "'634 patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field."[1] The '634 patent is attached hereto as Exhibit C. The '634 patent is exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for all past, present, or future infringement of the '634 patent, including equitable relief and damages.

---

[1] Collectively, the '519 and '634 patents will be referred to herein as the "Asserted Patents."

4

**B.**     **BTL's Trademarks**

18.     BTL uses and licenses registered and unregistered trademarks and trade dress to market its aesthetic equipment and treatments in the United States, including the following federally registered trademarks:

(a)     EMSCULPT is federally registered (registration no. 5,572,801) in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat";

(b)     EMSCULPT is also federally registered (registration no. 6,069,279) in Class 44 for, among other services, "medical services";

(c)     EMSCULPT NEO is federally registered (registration no. 6,373,947) in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat" and in Class 44 for, among other services, "medical services";

(d)     Stylized EM is federally registered (registration no. 6,206,098) in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services";

(e)     HIFEM is federally registered (registration no. 5,688,619) in Class 10 for, among other things, "surgical and aesthetic medicine procedures, namely, body shaping, fat removal" and in Class 44 for "health care services";

(f)     EM is federally registered (registration no. 5,915,636) in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus

and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services."[2]

19.     BTL has continuously and exclusively used the BTL Trademarks and has never abandoned them. The BTL Trademarks are validly registered in the United States and are in full force and effect. True and correct status copies of the trademark registrations for each of the BTL Trademarks, obtained from the Trademark Status Document Retrieval database of the United States Patent and Trademark Office, are attached hereto as Exhibit D. These registrations constitute prima facie evidence of the validity of the BTL Trademarks and BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

20.     The BTL Trademarks therefore perform an important source-identifying function for BTL's aesthetic body-contouring devices like the EMSCULPT and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring devices come from BTL, and the body-contouring services are rendered by BTL's devices and administered by BTL-trained and BTL-authorized service providers. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## DEFENDANT'S INFRINGEMENT

21.     Upon information and belief, the Defendants import into the United States, sell, offer for sale, and use devices that infringe the '519 patent, including the Embodi HI-EMT Body and Pelvic Floor Chair, the EMSKEGEL Chair, the Miracle Chair, the IntegraPelvix, and the Magic Chair (the "Infringing Devices").[3]

---

[2] EMSCULPT, EMSCULPT NEO, EM, and HIFEM are collectively referred to herein as the "BTL Trademarks."
[3] On information and belief, Defendants make, use, sell, offer for sale, and/or import many additional products that infringe the '519 patent that will be elicited through discovery, such as the RF+EMS Sculpt and Burn,  the Total BodyShape, and similar devices.

22.     Upon information and belief, the Defendants import into the United States, sell, offer for sale, and use devices that infringe the '634 patent, including the Musculpt device (the "Accused Product).[4]



https://www.facebook.com/AestheticRevolutionLasers/posts/pfbid02nS72FmfhbgYvFVWMD6b Uy6B2sjZ5yDTQymmjRjj84ZTqH2Zjk3DawhrRXC51eFK1l

---

[4] On information and belief, Defendants make, use, sell, offer for sale, and/or import many additional products that infringe the '634 patent that will be elicited through discovery.



https://www.facebook.com/photo/?fbid=122167558034061388&set=pcb.122167558952061388



https://www.instagram.com/aesthetic_revolution_lasers/reel/C1YpQ4pMKES/



https://www.instagram.com/aesthetic_revolution_lasers/reel/C1YpQ4pMKES/

23.     Upon information and belief, the Infringing Devices produce time-varying magnetic fields used to treat patients by stimulating muscle contractions in the patients.

24.     Upon information and belief, the Infringing Devices include a blower, a casing, a capacitor that stores energy, a converter that provides energy to the capacitor, a coil, and a switch that controls the release of energy to the coil to produce time-varying magnetic fields.

25.     Upon information and belief, in each of the Infringing Devices the blower is arranged on a circumference of the coil and blows air over the upper and lower sides of the coil.

26.     Defendants direct customers to use the Infringing Devices to treat muscles in patients, including the abdomen and the buttock.



https://www.facebook.com/AestheticRevolutionLasers/posts/pfbid02nS72FmfhbgYvFVWMD6
bUy6B2sjZ5yDTQymmjRjj84ZTqH2Zjk3DawhrRXC51eFK1l



https://www.facebook.com/AestheticRevolutionLasers/posts/pfbid02nS72FmfhbgYvFVWMD6
bUy6B2sjZ5yDTQymmjRjj84ZTqH2Zjk3DawhrRXC51eFK1l

27.     Upon information and belief, the Accused Devices apply a magnetic fluence of 50

T cm2 to 1,500 T cm2 sufficient to cause contractions in the muscles treated.



https://www.facebook.com/AestheticRevolutionLasers/posts/pfbid02nS72FmfhbgYvFVWMD6b
Uy6B2sjZ5yDTQymmjRjj84ZTqH2Zjk3DawhrRXC51eFK1l

      28.     Defendants market the Accused Devices using BTL's HIFEM mark and the

confusingly similar marks MUSCULPT, MUSCULPTING, MUSCULPTING NEO, EMS

SCULPT, HI-EMT, EMBODI, and EMSKEGEL. Defendants market the Accused Devices as

"an alternative to the BTL Emsculpt TM."



https://www.facebook.com/AestheticRevolutionLasers/posts/pfbid02LAoSZHzsjvUtba1tCP5yV

HHnjcEtBD96gMxEU7mo2qLXj8bXjjVVwUNsedkz94JAl.

 **Aesthetic Revolution Lasers**
June 30 · 🌐

New from Aesthetic Revolution. Introducing the Musculpt an alternative to the BTL Emsculpt ™.
PM for details and pricing.





https://www.facebook.com/AestheticRevolutionLasers/posts/pfbid02nS72FmfhbgYvFVWMD6b

Uy6B2sjZ5yDTQymmjRjj84ZTqH2Zjk3DawhrRXC51eFK1l



https://www.arlasers.com/product-page/total-bodyshape-rf-ems

# Embodi HI-EMT Body and Pelvic Floor Chair



29.     Defendants previously admitted to "the use of trademarked or copyrighted material without express permission from Sciton, Inc.", another medical aesthetic equipment provider. Defendants further stated "We recognize the paramount importance of adhering to

intellectual property laws and ensuring that all proprietary materials are used appropriately."

https://www.instagram.com/p/C8Id7syuuZL/.

## <u>COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,636,519</u>

30.     BTL repeats, re-alleges, and incorporates the foregoing paragraphs as if fully set

forth herein.

31.     Defendants have infringed and continue to infringe the '519 patent at least by

using, selling, offering to sell, making, and/or importing into the United States their infringing

medical and aesthetic devices, which include each and every element of one or more claims of

the '519 patent, either literally or through the doctrine of equivalents, including at least claim 1.

32.     For example, claim 1 of the '519 patent recites:

> A magnetic stimulation device producing a time varying magnetic field for
> treatment, comprising:
>
> a connection to an energy source, a switch, a coil, an energy storage device,
>
> at least one blower and a casing;
>
> with the blower arranged on a circumference of the coil; and
>
> wherein the coil and the casing are arranged in a manner that fluid can flow in-
> between them and wherein the coil is cooled by fluid flow over at least upper
> and lower sides of the coil.

33.     As described in the foregoing paragraphs, for example, at least the Defendants'

Infringing Devices meet each and every limitation of at least claim 1 of the '519 patent. The

Infringing Devices infringe at least claim 1 of the '519 patent because they include all of the

claim elements of at least claim 1, either literally or under the doctrine of equivalents. The

Infringing Devices are magnetic stimulation devices producing a time varying magnetic field for

treatment and include a connection to an energy source, a switch, a coil, an energy storage

device, at least one blower, and a casing. The blower is arranged on a circumference of the coil,

and the coil and the casing are arranged such that fluid can flow between them and the coil is cooled by fluid flow over at least the upper and lower sides of the coil.

34.     Defendants have also induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the '519 patent by making, using, offering to sell, selling, or importing the Infringing Devices in the United States and by encouraging, promoting, and instructing customers to use the Infringing Devices in a manner that directly infringes the '519 patent.

35.     On information and belief, Defendants knew they were encouraging, promoting, and instructing customers to use the Infringing Devices in a manner that directly infringes the '519 patent.

36.     Defendants' acts of infringement have been without express or implied license by BTL, are in violation of BTL's rights, and will continue unless enjoined by this Court.

37.     On information and belief, Defendants' infringement of the '519 patent has been, and continues to be, deliberate, intentional, and willful. Defendants' bad faith is evidenced at least by its actual and constructive notice of the '519 patent, at least as early as the filing of this complaint, and by Defendants' disregard for BTL's rights. Further, Defendants were aware of BTL's products for at least the reasons stated in this complaint. BTL marks its products in compliance with 35 U.S.C. § 287 with a reference to its online patent listing at www.btlnet.com/patents.

38.     Upon information and belief, David Sorensen is the active agent behind the conduct of Aesthetic Revolution, LLC and Sincoheren US, LLC.

39.     BTL has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages in an amount that is at least $125,000

for the last sale of one device, for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

40.     Defendants also have caused, are causing, and will continue to cause irreparable harm to BTL for which there is no adequate remedy at law and for which BTL is entitled to injunctive relief under at least 35 U.S.C. § 283.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

41.     BTL repeats, re-alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

42.     The '634 patent is directed towards a method for toning muscles in a patient using time-varying magnetic fields. For example, claim 1 of the patent recites:

> A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:
>
> placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;
>
> coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;
>
> providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and
>
> applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region,
>
> wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region.

43.     For the reasons stated in the foregoing paragraphs, at least the Defendants' Accused Product meets each and every limitation of at least claim 1 of the '634 patent.

44.     Defendants directly infringe or have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the '634 patent by making, using, offering to sell, selling, or importing the Accused Device in the United

States and by encouraging, promoting, and instructing customers to use the Accused Device in a manner that directly infringes the '634 patent.

45.     As shown in the preceding paragraphs, the Accused Device provides a method for toning muscles in a patient using time-varying magnetic fields, comprising:

(a)     placing a first applicator that includes a magnetic field generating coil in contact with a patient's skin or clothing at the patient's abdomen or a buttock;

(b)     coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the applicator to the patient's skin or clothing;

(c)     providing energy to the magnetic field generating coil to generate a time-varying magnetic field; and

(d)     applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region, wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region.

46.     On information and belief, Defendants' infringement of the '634 patent has been, and continues to be, deliberate, intentional, and willful. Defendants' bad faith is evidenced at least by its actual and constructive notice of BTL's asserted patent, at least as early as the filing of this complaint, and by Defendants' disregard for BTL's rights. Defendants were aware of BTL's products for the reasons stated in the foregoing paragraphs, BTL marks its products in compliance with 35 U.S.C. § 287 with a reference to its online patent listing at www.btlnet.com/patents.

## COUNT III: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

47.     BTL repeats, re-alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

48.     By using the BTL Trademarks and the confusingly similar marks MUSCULPT, MUSCULPTING, MUSCULPTING NEO, EMS SCULPT, HI-EMT, EMBODI, and EMSKEGEL, Defendants are creating confusion among the consuming public as to the source, origin, sponsorship, and/or affiliation of the Infringing Devices, Accused Device, and services with BTL.

49.     Defendants' conduct relating to the BTL Trademarks is without authorization.

50.     Defendants are in violation of the Lanham Act (15 U.S.C. § 1051 *et. seq.*) their use of HIFEM, MUSCULPT, MUSCULPTING, MUSCULPTING NEO, EMS SCULPT, HI-EMT, EMBODI, and EMSKEGEL or other confusingly similar terms.

51.     On information and belief, David Sorensen is the active agent behind the actions of the other Defendants.

52.     The Defendants' actions have caused BTL irreparable harm for which BTL is entitled to a permanent injunction under 15 U.S.C. § 1116.

53.     Further, such acts cause harm to BTL for which BTL is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

54.     Because Defendants' conduct is willful, malicious, and exceptional, BTL is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

**COUNT IV: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125**

55.     BTL repeats, re-alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

56.     Defendants have no right to use the BTL Trademarks in connection with their goods and/or services, yet the Defendants have passed off their goods and/or services to the public as if they were BTL's goods.

57.     On information and belief, Defendants have falsely held themselves out to customers and potential customers as being connected with BTL.

58.     Defendants have acted with intent to confuse or deceive the public as to the source and origin of their goods and services.

59.     On information and belief, the public has in fact been confused or deceived by the source and origin of Defendants' goods and services.

60.     On information and belief, David Sorensen is the active agent behind the conduct of the other Defendants.

61.     The Defendant's unlawful conduct constitutes unfair competition under the Lanham Act.

## PRAYER FOR RELIEF

WHEREFORE BTL requests entry of judgment against the Defendants as follows:

A.     A judgment that the Defendants have infringed one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b)–(c);

B.     An award of damages for infringement of the Asserted Patents, with said damages to be trebled because of the intentional and willful nature of the Defendants' infringement, as provided by 35 U.S.C. § 284;

C.     A judgment that the Defendants have willfully infringed one or more claims of the Asserted Patents;

D.     A determination that this case is "exceptional" under 35 U.S. § 285 and an award of BTL's costs and attorneys' fees;

E.     An order permanently enjoining the Defendants, its officers, directors, employees, agents, and all persons acting in concert with them, from infringing the Asserted Patents;

F.      A judgment that the Defendants have violated the Lanham Act, by committing acts of trademark infringement;

G.      A judgment that Defendants' use of the HIFEM mark, as alleged in this Complaint, infringes BTL's HIFEM trademark;

H.      A judgment that the MUSCULPT, MUSCULPTING, MUSCULPTING NEO, and EMS SCULPT marks are confusingly similar to BTL's EMSCULPT trademarks and that Defendants' use of those marks, as alleged in this Complaint, infringes BTL's EMSCULPT trademarks;

I.      A judgment that the MUSCULPTING NEO mark is confusingly similar to BTL's EMSCULPT NEO trademark and that Defendants' use of that mark, as alleged in this Complaint, infringes BTL's EMSCULPT NEO trademark;

J.      A judgment that the EMBODI and EMSKEGEL marks are confusingly similar to BTL's EM trademark and that Defendants' use of that mark, as alleged in this Complaint, infringes BTL's EM trademarks;

K.      A judgment that Defendant David Sorensen's conduct in infringing BTL's Asserted Patents and Trademarks is willful and malicious within the meaning of 11 U.S.C. § 523(a)(6);

L.      A judgment that the Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

M.      An award of damages for the Defendants' infringement of the BTL Trademarks, including the Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional and

willful nature of the Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

N.     A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

O.     An award of damages against the Defendants as a result of its wrongful acts against BTL in an amount to be proved at trial;

P.     An award of any and all of the Defendants' profits arising from the foregoing acts;

Q.     An award of pre-and post-judgment interest of any monetary damages at the highest rate allowed by law;

R.     Permanent injunctive relief enjoining the Defendants from:

    i.     using the BTL Trademarks or any confusingly similar marks, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL trademarks;

    ii.     passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL Trademarks;

    iii.     committing any acts calculated to cause consumers to believe that the Defendants' goods or services are those sold under the authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected

with BTL; and

iv.    further infringing BTL's Trademarks and damaging BTL's goodwill;

S.    An order barring any website or social media service used by the Defendants from offering up products or services that violate BTL's Trademarks or infringe the Asserted Patents;

T.    An order barring any financial service, bank, payment servicing company, from processing orders for products or services that violate BTL's Trademarks or infringing the Asserted Patents;

U.    An award of BTL's costs and expenses in this action; and

V.    For such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, BTL respectfully demands a trial by jury of all issues triable of right by a jury.

Dated: August 28, 2024

Respectfully submitted,

MASCHOFF BRENNAN

*/s/ Kirk R. Harris*
Kirk R. Harris

Attorneys for BTL Industries, Inc.